**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**MICHAEL LEE GORDON,**              :

                    **Petitioner**        :

                                       **CIVIL ACTION NO. 3:18-2309**

          **v.**                       :

                                            **(Judge Mannion)**

**DAVID J. EBBERT, Warden**        :

                    **Respondent**        :

**MEMORANDUM**

## I.      Background

Petitioner, Michael Lee Gordon, an inmate currently confined in the United States Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He claims that he arrived at USP-Lewisburg on October 22, 2018 and was placed in the Special Management Unit ("SMU"). Id. He claims that an inmate designated to the SMU "will be incarcerated at this facility until the inmate is considered 'Program Complete', which would be from 9 to 24 months." Id.

Petitioner states that since his arrival at the SMU, he has not received "his legal papers; his legal case files on open active cases that are currently pending in various courts, his religious materials, his radio and other allowable

personal property that was bought from commissary and received from various courts on open active cases that are currently pending." Id. He claims that he was "notified by Associate Warden, Mr. Colbert; Associate Warden, Mr. Lammer; Unit Manager, Mr. Berkowski; Case Manager, Mr. Hicks; and counselor, Mr. Gemberling that Petitioner would not receive his personal property nor any property while incarcerated at the United States Penitentiary Lewisburg Special Management Unit." Id.

Thus, Petitioner filed the instant action in which he "requests that this Honorable Court grant his writ of habeas corpus, order a hearing thereon, order the Respondents to respond and that Petitioner be provided all 'allowable' legal, religious and personal property." Id. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.


## II.    Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa.1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner's challenge to the deprivation of his property is not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, Petitioner complains that

he is being deprived of is legal, personal and religious property. This deprivation, however, does not affect the length of his sentence. Significantly, Petitioner does not seek relief that would shorten the length of his current sentence and incarceration in prison. Nor does he seek release from prison by attacking the legality of his judgment or conviction. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather must be pursued through the filing of a Bivens[1] action. A claim concerning the deprivation of property does not lie at the "core of habeas" in that it does not challenge the fact or length of a sentence or confinement and, therefore, is not cognizable in a §2241 petition. See Preiser, 411 U.S. at 500; see Leamer, 288 F.3d at 542-44. Consequently, the petition will be dismissed without prejudice to any right Gordon may have to reassert his claim in a properly filed civil rights complaint.

---

[1]Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

III.    **Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus

will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 13, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-2309-01.wpd